Des Raj Singh MEHMI, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–3471–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2007.

Hector M. Roman, Jackson Heights, NY, for Petitioner.

Matthew H. Mead, United States Attorney for the District of Wyoming, Nicholas Vassallo, Assistant United States Attorney, Cheyenne, WY, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Des Raj Singh Mehmi, a citizen of India, seeks review of a July 13, 2006, order of the BIA, affirming the March 7, 2005, decision of Immigration Judge ("IJ") Helen Sichel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Des Raj Singh Mehmi*, No. A79 333 541 (B.I.A. July 13, 2006), *aff'g* No. A79 333 541 (Immig. Ct. N.Y. City Mar. 7, 2005). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ As an initial matter, the Government correctly notes that Petitioner never challenged the IJ's discretionary denial of asylum before the BIA. Nor has Petitioner raised this issue in his brief to this Court. Therefore, we deem any challenge to such denial abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005) (concluding that issues not sufficiently argued on appeal normally will not be addressed by the Court). Because the IJ's discretionary denial stands as a proper basis for the denial of asylum, the Government correctly argues that a review of the IJ's alternative grounds for denying such relief would be futile. *See Cao He Lin*, 428 F.3d at 401 (stating that remand is not required when the IJ also rests her determination on an acceptable independent basis).

■ With respect to the agency's denial of Petitioner's request for withholding of removal, we note that although the BIA referred to the "Immigration Judge's adverse credibility finding," the IJ made no such finding and denied Petitioner's claim on burden of proof grounds unrelated to credibility. Nevertheless, because we conclude that the IJ's decision was supported by substantial evidence, we deny the petition for review despite the BIA's error. *See id.* Regardless of the merits of Petitioner's claims of past persecution, the Government adequately rebutted any presumption as to future persecution through a showing of a fundamental change in circumstances. *See* 8 C.F.R. § 208.16(b)(1); U.S. Dep't of State, India, Country Reports of Human Rights Practices 2003 at 7 (indicating that the pattern of disappearances and torture prevalent in Punjab during the early 1990s has ended); U.S. Dep't of State, India, Country Reports of Human Rights Practices 2005 at 5 (same). For the same reasons, the IJ properly denied Petitioner's request for CAT relief. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 340 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.